FILED
2021 Feb-22  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER ANDERSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| MOLLERTECH USA, LLC, | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Ms. Jennifer Anderson (hereinafter referred to as "Ms. Anderson" or "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint against Defendant, MollerTech USA, LLC (hereinafter referred to as "MollerTech" or "Defendant"). As grounds for this Complaint, Plaintiff states as follows:

## I.    JURISDICTION AND VENUE

1.    This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Family Medical Leave Act of 1993, codified at 29 U.S.C. § 2601 *et seq.* (hereinafter referred to as "FMLA"), and the Americans with Disabilities Act of 1990, as amended, codified at 42 U.S.C. § 12101 *et seq.* (hereinafter referred to as "ADA").

2.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 2202.

3.      The venue of this action is properly placed in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims accrued in Bibb County, Alabama.

## II.    ADMINISTRATIVE EXHAUSTION

4.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against MollerTech. Charge number 420-2020-002222 (hereinafter referred to as the "Charge"), alleging disability discrimination, was filed on or about June 9, 2020. (Attached hereto as Exhibit "A").

5.      On November 23, 2020, the EEOC issued a Notice of Suit Rights with respect to the Charge.

6.      Plaintiff received the Notice of Suit Rights on November 25, 2020 (Attached hereto as Exhibit "B").

7.      Plaintiff has now filed her Complaint within ninety (90) days of receipt of the Notice of Suit Rights.

8.      Plaintiff has thus exhausted all administrative remedies with respect to the Charge prior to filing the Complaint.

### III.   PARTIES

**(a) Plaintiff**

9.     Plaintiff is a citizen of the United States of America, over the age of nineteen (19) years, and is a resident of Bibb County, Alabama.

10.     Plaintiff was an FMLA eligible employee in that she worked for the Defendant for more than twelve (12) months and had worked more than 1,250 hours within the preceding twelve (12) months, pursuant to 29 U.S.C. § 2611(2).

11.     Plaintiff has a qualifying disability under the ADA in that she has physical and/or mental impairments which substantially limit one (1) or more of her major life activities; Defendant also perceived Plaintiff as being an individual with a disability which substantially limits major life activities, pursuant to 42 U.S.C. §12102(1).

12.     Plaintiff is a qualified individual under the ADA in that she could perform the essential functions of her employment, with or without reasonable accommodations, pursuant to 42 U.S.C. § 12111(8).

**(b) Defendant**

13.     Defendant is a plastic products supplier in the automotive industry, with a location in Bibb County, Alabama.

14.     Defendant is incorporated in Alabama under the name MollerTech USA, LLC.

3

15.     Defendant has a location with the address 208 Scott G Davis Parkway, Woodstock, Alabama 35188.

16.     Defendant employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4).

17.     Defendant is an employer for purposes of the ADA, pursuant to 42 U.S.C. § 12111(5).

18.     Defendant is also a covered employer pursuant to 42 U.S.C. § 12111(2).

19.     The actions that are the basis of this Complaint occurred at MollerTech located at 208 Scott G Davis Parkway, Woodstock, Alabama 35188.

## FACTUAL ALLEGATIONS

20.     In or around August 2018, Defendant hired Plaintiff as a Safe Launch Inspector, where she worked in the quality control area of Defendant's Woodstock, Alabama location.

21.     Plaintiff suffered, and continues to suffer from, Asthma.

22.     During Plaintiff's employment, Defendant knew of her disability.

23.     In early 2020, Plaintiff began experiencing complications with her disability, which required her to take time off from work to care for the same.

24.    Each time Plaintiff missed work to seek medical treatment for her disability, she provided a note from her Physician explaining and excusing her absence from work.

25.    On January 8, 2020 and January 9, 2020, Plaintiff missed work to care for her disability. Plaintiff provided Defendant a Physician's note excusing her from work for those two (2) days.

26.    Despite the excused absences, Defendant marked Plaintiff with two (2) attendance points.

27.    Again, on January 31, 2020, Plaintiff missed work to care for her disability. Plaintiff provided Defendant a Physician's note excusing her from work that day.

28.    Despite the excused absence, Defendant marked Plaintiff with an attendance point.

29.    On February 22, 2020, Plaintiff missed work to care for her disability. Plaintiff provided Defendant a Physician's note excusing her from work that day.

30.    Despite the excused absence, Defendant marked Plaintiff with an attendance point.

31.    On March 6, 2020, Plaintiff missed work to care for her disability. Plaintiff provided Defendant a Physician's note excusing her from work that day.

32.     Despite the excused absence, Defendant marked Plaintiff with an attendance point.

33.     On or about March 13, 2020, Plaintiff suffered from an Asthma attack while at work, which required an ambulance to be called on her behalf.

34.     Due to Plaintiff's ongoing complications with her disability, Plaintiff spoke with Defendant's Human Resources Manager, Mary Anne Little ("Ms. Little"), about her situation and expressed her need to take intermittent leave pursuant to the FMLA.

35.     On or about May 7, 2020, Ms. Little provided Plaintiff with the necessary FMLA paperwork to be completed and returned by her Physician.

36.     Plaintiff immediately scheduled an appointment to see her Physician regarding the same. The appointment was scheduled for May 20, 2020.

37.     On or about May 12, 2020, before Plaintiff's Physician had an opportunity to complete and submit the forms, Plaintiff experienced another Asthma attack.

38.     Plaintiff was not at work on May 13, 2020, because she was caring for her disability.

39.     Upon Plaintiff's return to work on May 14, 2020, Plaintiff again submitted an excuse from her treating Physician.

40.     Despite the same, Defendant issued Plaintiff another attendance point.

41.    The following day, on or about May 15, 2020, Defendant terminated Plaintiff's employment.

42.    Plaintiff's Physician completed the FMLA paperwork on May 20, 2020.

43.    Defendant's cited reason for her termination was excess absenteeism, in violation of Defendant's attendance policy.

44.    However, Plaintiff provided Physician's notes for each full day of work Plaintiff missed.

45.    At the time of her termination, Plaintiff should have only had 2.5 attendance points on her file.

46.    Notwithstanding the same, Defendant stated that Plaintiff had 6.5 attendance points, and thus, the same warranted termination per Defendant's attendance policy.

47.    Additionally, upon information and belief, Plaintiff had available Paid Time Off at the time of her termination, which Defendant could have used for Plaintiff's absences.

48.    Defendant terminated Plaintiff because of her disability.

49.    Defendant interfered with Plaintiff's right to take FMLA leave.

50.    Defendant retaliated against Plaintiff for exercising her protected right under the FMLA.

## COUNT ONE- FMLA INTERFERENCE

51.     The Plaintiff re-alleges and incorporates by reference paragraphs nine (9) and ten (10); thirteen (13) through sixteen (16); nineteen (19) and twenty (20); thirty-four (34) through forty-two (42); and forty-nine (49) above with the same force and effect as if fully set out in specific detail herein below.

52.     Plaintiff was entitled to take intermittent FMLA leave during her employment with Defendant.

53.     On or about May 4, 2020, Plaintiff requested FMLA paperwork from Defendant.

54.     On or about May 7, 2020, Defendant provided Plaintiff with the same.

55.     Plaintiff scheduled an appointment with her Physician for May 20, 2020.

56.     On or about May 12, 2020, Plaintiff experienced an Asthma attack while at work, which required her to take off May 13, 2020 to care for the same.

57.     Upon her return to work, on or about May 14, 2020, Plaintiff provided Defendant with a Physician's note excusing her from work on May 13, 2020.

58.     On or about May 15, 2020, Defendant terminated Plaintiff's employment.

59.     Plaintiff's Physician completed the FMLA paperwork on May 20, 2020.

60.    Defendant interfered with Plaintiff's right to take FMLA leave by terminating her employment less than two (2) weeks after she requested the requisite FMLA paperwork.

61.    After being put on notice of Plaintiff's intent to exercise her rights under the FMLA, Defendant prohibited her from the same by terminating her before her Physician had an opportunity to complete and submit the paperwork.

62.    Defendant interfered with Plaintiff's right to intermittent FMLA leave.

## COUNT TWO- FMLA RETALIATION

63.    The Plaintiff re-alleges and incorporates by reference paragraphs nine (9) and ten (10); thirteen (13) through sixteen (16); nineteen (19) and twenty (20); thirty-four (34) through forty-seven (47); and fifty (50) above with the same force and effect as if fully set out in specific detail herein below.

64.    Plaintiff engaged in protected activity on or about May 4, 2020, when she discussed taking FMLA to care for her Asthma with Ms. Little.

65.    On or about May 7, 2020, Defendant provided Plaintiff with the required FMLA paperwork.

66.    Plaintiff scheduled an appointment with her Physician for May 20, 2020, to complete the FMLA paperwork.

67.    On or about May 12, 2020, Plaintiff experienced an Asthma attack while at work, which required her to take off May 13, 2020 to care for the same.

9

68.     Upon her return to work, on or about May 14, 2020, Plaintiff provided Defendant with a Physician's note excusing her from work on May 13, 2020.

69.     On or about May 15, 2020, Defendant terminated Plaintiff's employment.

70.     Defendant terminated Plaintiff less than two (2) weeks after she engaged in protected activity by requesting FMLA paperwork and putting Defendant on notice that she intended to take FMLA.

71.     Defendant terminated Plaintiff before she even had the opportunity to return the completed FMLA forms to Defendant.

72.     Defendant's cited reason for terminating Plaintiff's employment is because she violated Defendant's attendance policy.

73.     Defendant's cited reason is not the actual reason it terminated Plaintiff's employment as she should have only had 2.5 attendance points at the time of her termination.

74.     Instead, however, Defendant marked Plaintiff with 6.5 attendance points at the time of her termination, despite her Physician's notes excusing her from work.

75.     Defendant only terminated Plaintiff after she engaged in protected activity.

76.    Defendant terminated Plaintiff because she exercised her protected right under the FMLA.

## COUNT THREE- DISABILITY DISCRIMINATION UNDER THE ADA

77.    The Plaintiff re-alleges and incorporates by reference paragraphs four (4) through nine (9); eleven (11) through fifteen (15); seventeen (17) through forty-eight (48) above with the same force and effect as if fully set out in specific detail herein below.

78.    Plaintiff has a qualifying disability under the ADA.

79.    Plaintiff's disability substantially limits one (1) or more major life activities.

80.    Plaintiff was qualified for her position with Defendant, with or without reasonable accommodation for her disability.

81.    During Plaintiff's employment, Defendant knew that Plaintiff suffered from Asthma.

82.    In early 2020, Plaintiff began experiencing complications with her disability, which required her to take time away from work.

83.    For each full day of work Plaintiff missed, she turned in a Physician's note to Defendant.

84.    Despite Plaintiff's excused absences, Defendant issued Plaintiff attendance points for each day she missed work.

85.    After having an Asthma attack while at work, Plaintiff discussed taking intermittent FMLA leave with Defendant's Human Resources Manager, Ms. Little.

86.    Ms. Little provided Plaintiff with the required paperwork her Physician needed to complete.

87.    However, Defendant terminated Plaintiff before she could return the completed FMLA forms.

88.    Defendant's cited reason for terminating Plaintiff's employment is because she violated Defendant's attendance policy.

89.    Defendant's cited reason is not the actual reason it terminated Plaintiff's employment as she provided Physician's notes for each day she missed.

90.    Ignoring the notes, Defendant continued to issue Plaintiff attendance points each day she needed to care for her disability.

91.    Additionally, less than two (2) weeks after Plaintiff inquired about intermittent leave as a potential accommodation, Defendant terminated her employment.

92.    Defendant terminated Plaintiff because of her disability.

WHEREFORE premises considered, Plaintiff demands judgment against the Defendant for front and back wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, liquidated damages for

violation of the FMLA, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*s/ Courtney B. Crampton*
Joshua A. Wrady (ASB-9617-J68W)
Courtney B. Crampton (ASB-3685-J61X)
*Attorneys for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Courtney@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819

**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

MOLLERTECH USA, LLC
c/o r/a C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104